UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
                                                           :
    In re                                                  :   Chapter 15
                                                           :
    Alitalia-Linee Aeree Italiane, S.p.A.,                 :   Case No. 08 – 14321 (BRL)
                                                           :
        Debtor in a Foreign Proceeding.                 :
                                                           :
                                                           :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## ORDER GRANTING PRELIMINARY INJUNCTIVE RELIEF

Upon (A) the Petition (the "Petition") for the entry of an Order pursuant to sections 105(a), 1504, 1515, 1517, 1519, 1520 and 1521 of Chapter 15, title 11, United States Code, 11 U.S.C. §§ 101, *et seq.* (as amended, the "Bankruptcy Code") recognizing Prof. Augusto Fantozzi, *Commissario straordinario* (Special Administrator) ("Adminstrator"), of Alitalia Linee Aeree Italiane S.p.A. ("Alitalia" or the "Debtor") in an extraordinary administration proceeding under the laws of Italy (the "Extraordinary Proceeding")[1] in his capacity as a person appointed by the Government and courts of Italy under a special bankruptcy bill, adopted on or about August 28, 2008 by authority of the Italian government (the "Bankruptcy Bill"), as a "foreign main proceeding" and the Administrator as the "foreign representative" in respect of the

---

[1] For purposes of this Petition, Extraordinary Proceeding shall be read to mean this proceeding under the Bankruptcy Bill (defined hereinafter), or any superseding liquidation proceeding under Italian law.

Extraordinary Proceeding (B) the *Ex Parte* Application for a Preliminary Injunction (the ("Preliminary Injunction"), a Temporary Restraining Order and Other Provisional Relief Expressly Permitted Under 11 U.S.C. §§ 105(a), 1519(a) and 1521(a) and (b) (the "Application"); (C) the Declaration of the Administrator, Prof. Augusto Fantozzi dated as of October 30, 2008 (the "Fantozzi Declaration"); (D) the Statement Filed Pursuant to Interim Bankruptcy Rule 1007(a)(4) sworn on October 31, 2008 (the "Rule 1007(a)(4) Statement"); (E) the Statement of Foreign Representative Pursuant to 11 U.S.C. § 1515(a) dated as of October 30, 2008 (the "Foreign Representative Statement"); and (F) the Declaration of Warren Graham, Esq., dated as of November 3, 2008 (the "Graham Declaration"); and the Order to Show Cause ("OSC") entered by this Court on November 4, 2008, scheduling a hearing on the Application, and designating the time and manner of notice to be given and the time and manner for objections to the Application to be served and filed, and the Court having reviewed the Petition, the exhibits thereto, the Application, the Fantozzi Declaration, the exhibits thereto, the Rule 1007(a)(4) Statement and the Foreign Representative Statement and the Graham Declaration (collectively, the "Supporting Papers"), and having further concluded that good and sufficient notice of the hearing on the Application was given under the OSC, and no objection having been interposed thereto;

   AND a hearing (the "Hearing") having been held at 10:00 a.m. on November 13, 2008, before this Court, at which the Debtor, by the Administrator having appeared, by counsel, Kaplan, von Ohlen & Massamillo, LLC, Eugene Massamillo, Esq. and Warren R. Graham, Esq, of counsel, in support of the Application, and no party having appeared in opposition thereto, and the Court having further considered the arguments of counsel in support of the Application at the Hearing;

2

AND the Court having found and concluded as follows:

(a) The Administrator has demonstrated that the Extraordinary Proceeding is a "foreign proceeding" as referred to in 11 U.S.C. § 101(23) and a "foreign main proceeding" as referred to in 11 U.S.C. § 1517(b)(1) and that the Administrator is a "person" as referred to in 11 U.S.C. § 101(41) and a "foreign representative" of the Debtor as referred to in 11 U.S.C. § 101(24).

(b) The grant of the Preliminary Injunction is necessary to avoid irreparable injury, loss or damage to the Administrator, the Debtor and the Debtor's creditors in that the Supporting Papers contain facts showing that: there is a material risk that if the Preliminary Injunction is not issued, creditors of the Debtor in the United States may seek to commence, continue and/or prosecute legal actions against the Debtor or the U.S. Assets, and/or seize, attach, take possession of, and/or enforce judgments and/or liens against the U.S. Assets, resulting in the loss of those assets to the Debtor, the Debtor's creditors and the Administrator;

(c) The balancing of the hardships tips decidedly in favor of the Administrator on the Application justifying the enjoining the commencement, continuation and/or prosecution of legal actions against the Debtor or the U.S. Assets and/or seizure, possession, attachment and/or enforcement of liens and/or judgments by creditors which have no right to the U.S. Assets, in derogation of the rights of equitable distribution to creditors in the Extraordinary Proceeding, pursuant to the priority scheme set forth under Italian law and the Bankruptcy Bill.  Moreover, the rights of such creditors will not be prejudiced by the Preliminary Injunction sought against them because there is no indication that the U.S. Assets are declining in value. On the contrary, all of the Debtor's creditors will benefit from the Preliminary Injunction sought.

(d) The Administrator, as the "foreign representative" of the Debtor, is entitled to the full protections and rights available under 11 U.S.C. § 1519(a)(1)-(3), which are urgently needed to protect the assets of the Debtor and the interests of creditors in the circumstances present here.

(e) The allegations in the Application, the Supporting Papers and the arguments of counsel at the Preliminary Injunction Hearing do not, at this time, warrant the extension, on a provisional basis, of the Preliminary Injunction to any and all actions against individual officers, directors, employees and/or agents in the United States; however, nothing contained herein shall prejudice the Administrator from renewing his request for such relief on and after the date of the Hearing

3

ORDERED, that pending the scheduled hearing on the Petition, currently scheduled for November 25, 2008, or such other date to which such hearing may be further adjourned, that the relief granted under the TRO be continued in all respects, and incorporated by reference into this Order granting the Preliminary Injunction; and it is further

ORDERED, that the following specific provisions be, and they hereby are, incorporated into the terms of the Preliminary Injunction until the Court rules on the Petition:

    (a)    pursuant to 11 U.S.C. § 1519(a)(1), enjoining all persons and entities from seizing, attaching, and/or enforcing or executing liens and/or judgments against the Debtor's property and assets in the United States (the "U.S. Assets") or from enforcing any judicial, quasi-judicial, administrative or regulatory judgment, assessment, order, arbitration award or lien against the Debtor or the U.S. Assets, except by or with the written consent of the Administrator;

    (b)    pursuant to 11 U.S.C. § 1519, which incorporates, by reference, an authorization to the Court to grant relief under, *inter alia*, 11 U.S.C. § 362(a), enjoining all acts prohibited under 11 U.S.C. § 362(a), including, without limitation, the commencement, continuation and/or prosecution of any and all legal proceedings against the Debtor or its assets within the United States, or the enforcement of any existing claims, liens or judgments against such assets;

    (c)    pursuant to 11 U.S.C. § 1519(a)(2), entrusting the administration and realization of all of the U.S. Assets to the Administrator, including, all assets of the Debtor located in the United States or which may have been transferred to third parties in the United States;

    (d)    pursuant to 11 U.S.C. §§ 1519(a)(3) and 1521(a)(3), which authorizes the Court to grant relief, including without limitation, and in the Court's exercise of its discretion, the protections afforded by § 362(a), by reference, enjoining all persons and entities other than the Administrator from transferring, encumbering or otherwise disposing of the U.S. Assets, including, without limitation, any assets heretofore transferred (voluntarily or involuntarily) from the Debtor to any third party, except with the written consent of the Administrator;

    (e)    pursuant to 11 U.S.C. §§ 1519(a)(3) and 1521(a)(3), enjoining all persons and entities other than the Administrator from transferring, encumbering or otherwise disposing of the U.S. Assets except with the written consent of the Administrator;

    (f)    pursuant to 11 U.S.C. § 1519(a)(1), 11 U.S.C. § 1519(a)(3) and 1521(a)(3), enjoining all persons and entities from disposing of any U.S. without the written consent of the Administrator;

4

    (g)    the Court declines to grant a stay of any lawsuits against officers, directors, employees and/or agents of the Debtor, arising out of actions taken on the Debtor's behalf, whether prior to, or subsequent to the filing of the Petition, provided, however, that such denial is without prejudice to the renewal of such request, and upon a proper showing before the Court;

    (h)    pursuant to 11 U.S.C. §§ 1519(a)(3) and 1521(a)(4):

        (i)    the Administrator's counsel is hereby authorized to examine witnesses, take evidence and require the delivery of information and documents concerning the Debtor's assets, affairs, rights, obligations and liabilities; and

        (ii)    the Administrator's counsel is hereby authorized to conduct examinations, on five (5) business days' notice, pursuant to Bankruptcy Rule 2004 of those parties who may be in possession, or who may have obtained, or are seeking to obtain, attachment, seizure, possession and/or enforcement of liens and/or judgments against the U.S. Assets.

(2)    In the event the Petition is granted, the following relief becoming effective on the date an Order is entered granting the Petition:

    (a)    granting and extending all of the relief referred to in (1) above;

    (b)    enjoining commencement and continuation of any individual action or proceeding, other than by the Administrator or with the written consent of the Administrator concerning the U.S. Assets, rights, obligations or liabilities, including any assets subject to seizure, possession, attachment and enforcement of liens and/or judgments with respect thereto, to the extent such actions are not automatically stayed under 11 U.S.C. § 1520(a); and

    (c)    authorizing the distribution of all of the Debtor's assets located in the United States to the Administrator pursuant to 11 U.S.C. § 1521(b); and it is further

ORDERED, that the Administrator, as the "foreign representative" of the Debtor, is entitled to the full protections and rights available under 11 U.S.C. § 1519(a)(1)-(3) because

those protections are urgently need to protect the assets of the Debtor and the interests of creditors; and it is further

ORDERED, that, pursuant to Rule 65(b) of the Federal Rules of Civil Procedure, made applicable to these proceedings by Rule 7065 of the Federal Rules of Bankruptcy Procedure, no further notice to any person is required prior to entry and issuance of this order; and it is further

ORDERED, that: (i) any party-in-interest may make a motion seeking relief from, or modification of, this Order, by filing a motion on not less than ten (10) business days notice seeking an order for such relief, and any such request shall be the subject of a hearing scheduled by the Court; and (ii) any party-in-interest may file objections and be heard by the Court in accordance with the terms of any order of the Court providing for a hearing on any subsequent relief sought by the Administrator in this proceeding; and it is further

ORDERED, that, pursuant to Bankruptcy Rule 7065, the security provisions of Rule 65(c) of the Federal Rules of Civil Procedure are waived; and it is further


Dated: New York, New York
       November 13, 2008
       At 2:15PM

                                           /s/Burton R. Lifland_____
                                           United States Bankruptcy Judge